JOSEPH G. WARREN *vs.* SAMUEL JENNISON & others.

A husband, who, being sued with his wife for her debt contracted before marriage, and secured by mortgage of her land, allows himself, after her death, to be defaulted, and pays the debt on execution, under the mistaken supposition that he can claim the amount out of her estate at law, and without taking an assignment of the mortgage, is not entitled, in equity, to hold the amount as a charge upon the land.

BILL IN EQUITY by a tenant by the curtesy, to redeem land from two mortgages thereon; and for contribution from his daughter and the other heirs of his wife towards the amount paid by him, since the death of his wife, to discharge another mortgage on the premises, made by his wife before marriage, which pay ment, the bill averred, " was made in order to protect said estate from said mortgage, and to prevent a foreclosure of the same, and for the benefit of said estate, as well the interest of said heirs entitled to the reversion therein, as that of the plaintiff as tenant by the curtesy; and that said mortgage was discharged under the belief that the payment was a proper charge on the entire estate."

The answers admitted the right of the plaintiff to redeem the two outstanding mortgages; but denied said averments of the

bill ; and alleged that the plaintiff, during the coverture, received to his own use the proceeds of the sale of the dower of his wife in real estate of her former husband, amounting to $2,500, and her personal property, to the value of $50, and was entitled to his curtesy in her other real estate of the value of $2,500 ; that the payment was made upon an execution issued on a judgment rendered by the court of common pleas, on the default of this plaintiff in an action commenced against him and his wife in her lifetime on the mortgage note, and, after her decease pending the action, prosecuted against him alone ; and that this plaintiff during said coverture, both before and after the commencement of said action, promised to pay said note. And the defendants insisted that they were not in equity bound to contribute to reimburse the plaintiff.

The case was set down for hearing on the bill and answers, and the following agreed statement : " The said Joseph G. Warren submitted to be defaulted, in the action against him on the mortgage note given by his said wife, under the following circumstances : The counsel of said Warren, (who was not his counsel in this suit,) suggested the death of the said wife to the court, and moved for a stay of proceedings in consequence thereof. Whereupon the presiding judge said that, if the husband submitted to a default, his right would be the same against his wife's estate ; and the said Warren submitted to be defaulted, and paid the execution against him, and afterwards attempted to prove the same against his wife's estate ; but this court decided that he could not legally do so. All the facts stated in the bill and answer are agreed to be true. But the intention of said Warren is not to be considered as admitted by either party, but is a matter to be inferred by the court."

*D. Foster,* for the plaintiff. The right of the plaintiff to redeem from the two outstanding mortgages is admitted. He is also entitled to hold, as a charge against the estate, the amount of the mortgage paid by him. The presumption of equity, when a husband or other tenant for life pays off a charge upon an estate, is that he intends to make himself a creditor ; and the fact that the mortgage was discharged, instead of being

assigned to him, makes no difference. *Pitt* v. *Pitt*, Turn. & Russ. 180. *Kirkham* v. *Smith*, 1 Ves. Sen. 258. *Shrewsbury* v. *Shrewsbury*, 1 Ves. Jr. 233. *Robinson* v. *Leavitt*, 7 N. H. 101. *Jenness* v. *Robinson*, 10 N. H. 218. Adams on Eq. 270. 2 Story on Eq. § 1023.

*H. Chapin*, for the defendants.

METCALF, J. It was decided, in *Warren* v. *Williams*, 10 Cush. 79, that the plaintiff had no claim, at law, on the estate of his late wife, for the sum that he paid on the judgment recovered against him in a suit upon a note given by her before marriage, and secured by a mortgage on her land. He now seeks to obtain that sum from her heirs, by a bill in equity. And he has cited, in support of his bill, decisions in courts of equity, which, in most particulars, strongly resemble this. But there is one fact in this case, which seems to us to distinguish it from all the cases that have been cited, where a husband has made payment of his wife's mortgage debt, in full or in part. He voluntarily suffered judgment to be rendered against him for the amount of his wife's mortgage debt, when he knew that he was not legally liable to a judgment; and by his payment of that judgment, the mortgage was discharged. And we are of opinion that he cannot, by showing that he consented to that judgment under a misapprehension of its legal effect on his rights, avoid that effect, and call on his wife's heirs to save him therefrom. In no case which was cited, and in none that we can find, has a husband supported, or even made, a claim like this.

The plaintiff can maintain his bill for the redemption of the two outstanding mortgages given by his late wife, but not for contribution from her heirs for what he paid on the other.

*Decree accordingly.*